**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | |
| Lordstown Motors Corp., | Chapter 11 |
| Debtor. | Case No. 23-[_____] ( ) |
| Tax I.D. No. 83-2533239 | |
| In re | |
| Lordstown EV Corporation, | Chapter 11 |
| Debtor. | Case No. 23-[_____] ( ) |
| Tax I.D. No. 83-4612250 | |
| In re | |
| Lordstown EV Sales LLC | Chapter 11 |
| Debtor. | Case No. 23-[_____] ( ) |
| Tax I.D. No. 85-3699101 | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES**

The debtors and debtors in possession (collectively, the "**Debtors**," or the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") granting the relief described below. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Adam Kroll in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"),[1] filed concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**RELIEF REQUESTED**

1.      By this Motion, the Debtors seek entry of the Order directing the joint administration and procedural consolidation of these Chapter 11 Cases (as defined below) for procedural and administrative purposes only.  Specifically, the Debtors request that the Court maintain one file and one docket for all of the Debtors' Chapter 11 Cases under the case of Lordstown Motors Corp., and that these Chapter 11 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re | Chapter 11 |
|---|---|
| Lordstown Motors Corp., *et al.*, | Case No. 23-10831 ( ) |
| Debtors. | (Jointly Administered) |

2.      The Debtors also propose to include the following footnote for the consolidated caption in each pleading filed and each notice mailed by the Debtors:

> The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

3.      The Debtors further request that the Clerk of this Court make an entry on the docket of the Chapter 11 Cases for Lordstown EV Corporation and Lordstown EV Sales LLC substantially as follows:

> The Bankruptcy Court has entered an order in accordance with Bankruptcy Rule 1015(b) directing the joint administration and procedural consolidation of the chapter 11 cases of Lordstown Motors Corp. and its affiliated debtors.  The docket in the case of Lordstown Motors Corp., Case No. 23-10831 ( ) should be consulted for all matters affecting these cases.

4.      The Debtors further request that the Court find that the foregoing caption and footnote satisfy the requirements of section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**").

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

5.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

6.      The predicates for the relief requested by this Motion are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

7.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

8.      On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

9.      The Company develops, manufactures and sells electric vehicles ("**EVs**") primarily to commercial fleet customers.  It is one of the only original equipment manufacturers ("**OEMs**") in North America focused solely on light-duty electric vehicles for commercial fleet customers.  The Company's flagship vehicle is the "Endurance," a full-size, all-electric pickup truck.  As of the Petition Date, with the Company still in its nascent stages, only approximately 65 Endurances have been manufactured, with a limited number of Endurances still in production.

10.      On November 7, 2019, the Company purchased General Motors' 6.2 million square foot automobile manufacturing facility (the "**Plant**") in Lordstown, Ohio.  Manufacturing operations at the Plant had ceased prior to the purchase.  The Company's business and vision for the Plant reinvigorated local industry.  On October 23, 2020, the Debtor entity now known as Lordstown EV Corporation ("**LEVC**," and then known as Lordstown Motors Corp.) completed a merger with a subsidiary ("**MergerSub**") of DiamondPeak Holdings Corp. ("**DiamondPeak**"),[2] pursuant to which MergerSub merged with and into LEVC, with LEVC surviving the merger as a wholly-owned subsidiary of DiamondPeak.  DiamondPeak is now known as Lordstown Motors Corp. ("**LMC**"), a Debtor in these Chapter 11 Cases.[3]

11.      In September 2021, the Company began a partnership with an affiliate of Hon Hai Precision Industry Co., Ltd., also known as Foxconn ("**Foxconn**"), the world's largest electronics manufacturer.  The purpose of the Foxconn partnership was to allow the Company to shift its business strategy from a vertically integrated OEM to a less capital-intensive model, focused on developing, engineering, testing, and industrializing EVs.  Since the inception of the partnership,

---

[2]      DiamondPeak Holdings Co., now known as Lordstown Motors Corp., incorporated in Delaware on November 13, 2018 as a blank check company for the purpose of effecting a business combination.

[3]      Lordstown EV Sales LLC was formed to sell vehicles directly to customers and is a subsidiary of LEVC, which is in turn a subsidiary of LMC.

however, Foxconn has repeatedly refused to honor its contractual promises to the Debtors. Foxconn has misled the Debtors about Foxconn's ability or willingness to proceed with joint product development plans and repudiated its promise to invest additional equity capital in the business. Most recently, Foxconn has refused to complete its second purchase of common stock in accordance with the terms of the investment agreement between the Company and Foxconn. Foxconn's actions have damaged the Company's business relationships, employee morale and relations, and the Company's future prospects, stripping it of its ability to continue as a going concern absent a strategic chapter 11 transaction.

12.     The Debtors have filed these Chapter 11 Cases for the purpose of maximizing value for the benefit of their stakeholders given the ongoing, repeated breaches of contract and commitments by Foxconn. Among other things, as part of these Chapter 11 Cases, the Debtors intend to pursue claims against Foxconn, commence a sales process for their assets, reduce their expenses, centralize and rapidly resolve claims, and, ultimately, distribute maximum value to creditors and—if sufficient—equity security holders under a chapter 11 plan.

13.     Additional background and information regarding the Company, including its business operations, its corporate and capital structure, its restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**BASIS FOR RELIEF**

14.     Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and its debtor affiliates. Fed. R. Bankr. P. 1015(b).

15.     Further, Local Rule 1015-1 provides in relevant part as follows:

> An order of joint administration may be entered . . . upon the filing of a motion for joint administration . . . supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Local Rule 1015-1.

16.     Lordstown Motors Corp. and the other two Debtors in these Chapter 11 Cases are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code.  Thus, Bankruptcy Rule 1015 and Local Rule 1015-1 authorize the Court to grant the relief requested herein.

17.     Joint administration of the Chapter 11 Cases is warranted because it will significantly ease the administrative burden on the Court and all parties in interest.  The Debtors anticipate that notices, applications, motions, pleadings, hearings, and orders in these Chapter 11 Cases may affect all Debtors.  If each Debtor's case were administered independently, there would be a number of duplicative pleadings and overlapping services.  This unnecessary duplication of identical documents would be wasteful of the resources of the Debtors' estates as well as the resources of this Court and of other parties in interest.

18.     Joint administration will permit the Clerk of the Court to use a single docket for all of the Debtors' Chapter 11 Cases and combine notices to creditors and other parties in interest, allowing the U.S. Trustee and all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency.  Therefore, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, their creditors, the U.S. Trustee, and the Court.

19.     Joint administration will not give rise to any conflict of interest among the Debtors' estates.  The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal

entities, will continue to maintain books and records consistent with previous practices, and will

provide information as required in the consolidated monthly operating reports on a debtor-by-

debtor basis.  If applicable, each creditor may file a proof of claim against the applicable estate

against which it allegedly has a claim or interest and will retain whatever claims or interests it has

against the particular estate.  The recoveries of all creditors will be enhanced by the reduction in

costs resulting from joint administration of the Debtors' Chapter 11 Cases.  The Court will also be

relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and

maintaining redundant files.

20.     No administrative or scheduling orders previously entered in these Chapter 11

Cases will require modification if this Motion is granted.  Mailing lists in each of these Chapter

11 Cases will be consolidated for future noticing requirements.  Accordingly, the Debtors submit

that the joint administration of these Chapter 11 Cases is in the best interest of all parties, and

should be granted.

## **NOTICE**

21.     Notice of this Motion has been provided to the following parties, or, in lieu thereof,

their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) holders of the thirty (30) largest unsecured

claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the

Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware;

(vii) the state attorneys general for all states in which the Debtors conduct business; (viii) any such

other party entitled to notice pursuant to Local Rule 9013-1(m); and (ix) any such other party

entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of

the facts and circumstances, such notice is sufficient and no other or further notice need be

provided.

## NO PRIOR REQUEST

22.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion, the Order, and such other and further relief as is just and proper.

Dated: June 27, 2023

Respectfully submitted,

/s/ *Daniel J. DeFranceschi*

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (*pro hac vice* application pending)
Matthew C. Brown (*pro hac vice* application pending)
Fan B. He (*pro hac vice* application pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (*pro hac vice* application pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* application pending)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (*pro hac vice* application pending)
Doah Kim (*pro hac vice* application pending)
RJ Szuba (*pro hac vice* application pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | |
| Lordstown Motors Corp., | Chapter 11 |
| Debtor. | Case No. 23-[_____] ( ) |
| Tax I.D. No. 83-2533239 | |
| In re | |
| Lordstown EV Corporation, | Chapter 11 |
| Debtor. | Case No. 23-[_____] ( ) |
| Tax I.D. No. 83-4612250 | |
| In re | |
| Lordstown EV Sales LLC | Chapter 11 |
| Debtor. | Case No. 23-[_____] ( ) |
| Tax I.D. No. 85-3699101 | |

**ORDER DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of the Debtors for entry of an order (this "**Order**")

pursuant to section 1015(b) of the Bankruptcy Code and 1015-1 of the Local Rules directing the

joint administration of these Chapter 11 Cases for procedural purposes only, as more fully set forth

in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing; and upon consideration of the First Day Declaration; and the Court having found and determined that good and sufficient cause exists for the granting of the relief requested in the Motion, and such relief is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The above-captioned cases shall be consolidated for procedural purposes only and shall be jointly administered under the case number assigned to Lordstown Motors Corp., Case No. 23-[_____] ( ), as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al*., | Case No. 23-10831 ( ) |
| Debtors. | (Jointly Administered) |

3.      The caption shall include the following footnote in each pleading filed and notice mailed by the Debtors:

The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

4. The foregoing caption and footnote satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry shall be made in the Chapter 11 Cases for Lordstown EV Corporation and Lordstown EV Sales LLC, which states substantially as follows:

> The Bankruptcy Court has entered an order in accordance with Bankruptcy Rule 1015(b) directing the joint administration and procedural consolidation of the chapter 11 cases of Lordstown Motors Corp. and its affiliated debtors. The docket in the case of Lordstown Motors Corp., Case No. 23-10831 ( ) should be consulted for all matters affecting these cases.

6. The procedural consolidation shall be for administrative purposes only and nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

7. This Order shall take effect immediately upon entry.

8. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

3